GRIMES, Acting Chief Judge,
dissenting.
This was not the ordinary dispute between neighbors. On January 23, 1975, the court concluded the first round of this acrimonious litigation by entering a final judgment granting the Thibeaults a way of necessity over the Seiferts’ land, but at the same time enjoining the Thibeaults, “their heirs, assigns, guests or invitees,” from trespassing on the balance of the Seiferts’ land, including the Seiferts’ portion of a common boathouse. The record reflects that when the Thibeaults left for Canada shortly thereafter, their son and daughter-in-law moved into the house and embarked on a course of conduct which Judge Ott has charitably referred to as outrageous. The occupants of the Thibeault property carried on various forms of activity which clearly constituted a nuisance, and they made continued trespasses upon the Seiferts’ land. They even permitted the sinking of a boat in the boathouse, thereby rendering the Sei-ferts’ side unusable.
While the Thibeaults denied ever seeing a copy of a petition of complaints being circulated by the neighbors, Mrs. Thibeault was overheard telling a friend that they had received the petition. In any event, when the Thibeaults got wind of the petition, they came to Florida to clean up the premises. While the objectionable activities were then temporarily discontinued, as soon as the Thibeaults left for Canada, the same pattern of conduct recurred. After the Thi-beaults returned to Canada, there is no indication that they ever sought to determine whether there had been a recurrence of the objectionable conduct.
The Thibeaults had a duty to take reasonable steps to see that those they permitted to occupy their premises did not harass the Seiferts and violate the injunction. I believe the evidence taken as a whole supports the court’s determination holding the Thi-beaults responsible for the continuing violations of the injunction and the offensive conduct of the occupants of their premises which occurred for more than a two year period. Consequently, I would affirm the judgment in its entirety.